**MICHAEL W. DOTTS, ESQ., F0150**
**DOTTS LAW OFFICE**
140 Aspinall Avenue, Suite 201-B
Hagatna, Guam 96910
Telephone: : (671) 588-8866
Facsimile: (671) 472-9616
mdotts@dottslaw.law

*Attorney for Plaintiff De-Anna Taijeron*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GUAM

| | |
|---|---|
| DE-ANNA TAIJERON,<br><br>              Plaintiff,<br><br>v.<br><br>UGOCHUKWU AKOMA,<br><br>              Defendant. | CASE NO: 1:23-cv-00023<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF A PROTECTIVE ORDER TO ALLOW PLAINTIFF DE-ANNA TAIJERON TO APPEAR BY VIDEO FOR HER DEPOSITION** |

**I.**
**INTRODUCTION**

This case arises out of Defendant Ugochukwu Akoma ("Akoma"), committing a sexual assault on Plaintiff De-Anna Taijeron ("Taijeron"). What is even worse is that Akoma is a medical doctor on Guam, and Taijeron had sought treatment from him when he sexually assaulted her.

The parties are pursuing discovery. Akoma seeks the deposition of Taijeron. Taijeron has relocated to the mainland USA and is available to be deposed over the Internet. But, Akoma is insisting that Taijeron return to Guam to be deposed in person.

The primary problem with Taijeron returning to Guam for her deposition is her mental health. The sexual assault by Akoma had a profound effect and she is in treatment. She suffers from anxiety

and depression. Traveling out to Guam will undermine her treatment and place at risk her mental health.

Taijeron moves for entry of a protective order to allow her to appear for a video deposition in lieu of an in-person deposition because appearing in-person in front of her abuser will exacerbate her Major Depressive Disorder and PTSD. In addition to the sexual abuse Taijeron experienced from Akoma, Taijeron was a victim of rape when she was a child. Dr. Travis O. Bruce is currently treating Taijeron for Major Depression Disorder and PTSD, and attached as Exhibit A to Taijeron's declaration filed herewith is a letter from Dr. Bruce supporting that Taijeron be allowed to appear for a deposition by video. Thus, good cause warrants that the Court enter a protective order to allow Taijoron to appear via video conference for her deposition. In addition, Federal Courts have liberally granted leave to take video depositions remotely.

As Taijeron can show good cause to allow for a video deposition, Akoma has the burden of showing prejudice. Akoma cannot conceivably show prejudice considering the facts of this case. A deposition over the Internet will be effective and provisions can be made to ensure that there is no coaching and that Akoma can obtain Taijeron's unvarnished testimony.

The Court has wide discretion to allow for video depositions and may do so under Federal Rule of Civil Procedure 30(b)(4). In this context, the Court should exercise its discretion. Allowing for a video deposition in this matter secures the just, speedy, and expensive determination of the case under Federal Rule of Civil Procedure 1.

## II.
## BACKGROUND

1. Plaintiff De-Anna Taijeron is an adult female and a former resident of Guam now residing in North Carolina. Defendant Ugochukwu Akoma is an adult male physician who operates Hepzibah Family Medicine Clinic on Guam. (Complaint ¶¶3–6.)

2. In October 2021, Plaintiff sought treatment from Defendant for depression and anxiety. At her first visit on October 10, 2021, Plaintiff informed Defendant of a prior sexual assault and provided a letter from her counselor recommending specific medication for her continuing trauma. (Complaint ¶¶5–7.) However, Defendant prescribed a different medication and advised Plaintiff to discontinue seeing her counselor. (Complaint ¶7.)

3. On October 11, 2021, Plaintiff notified Defendant that the newly prescribed medication had increased her anxiety and depressive symptoms; Defendant instructed her to continue taking the medication. (Complaint ¶8.)

4. On October 12, 2021, Plaintiff visited Defendant's clinic again due to worsening symptoms. Yet, Defendant again instructed Plaintiff to continue the new medication and prescribed an additional medication. (Complaint ¶¶9–11.)

5. From October 13 through October 22, 2021, Plaintiff continued to notify Defendant about adverse effects and worsening symptoms; Defendant repeatedly instructed her to continue the medications and scheduled a follow-up for October 23, 2021. (Complaint ¶11.)

6. On October 23, 2021, during the first assault, Dr. Akoma exploited his position of trust by asking Taijeron to follow him into an empty waiting room where he touched her inappropriately, placed her hand on his crotch, and forcibly kissed her multiple times. Later that day, he pushed her against a desk, touched her vagina through her clothing, and attempted to undress her despite her repeated pleas for him to stop. (Complaint 3-4.)

7. Still the same day, Taijeron returned to the clinic to retrieve her father's lab papers. Dr. Akoma followed her, ground his penis against her, exposed himself, and again attempted to force sexual contact despite her explicit refusals. (Complaint 5-6.)

8. Following these assaults, Taijeron reported the incidents to the FBI and the Guam Medical Board. The psychological impact was severe—she did not leave her house for two months,

experienced exacerbated PTSD, depression, and anxiety, and eventually relocated from Guam to Hawaii and then to North Carolina out of fear. She also suffered approximately $9,000 in lost income as a direct result of the trauma. (Complaint 6-7.)

9. Taijeron filed a civil lawsuit against Dr. Akoma in the United States District Court for the District of Guam (Case No. 23-00023) on October 18, 2023, seeking damages for sexual assault, emotional distress, and punitive damages. The case highlights Dr. Akoma's egregious abuse of his professional position and the devastating impact of his actions on a vulnerable patient seeking treatment for prior trauma. *See generally* Complaint.

## III.
## LEGAL STANDARD

Rule 30(b)(4) of the Federal Rules of Civil Procedure states that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4).

In the event of a dispute between the parties as to the location of a deposition, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... specifying terms, including time and place, for the disclosure of discovery." Fed. R. Civ. P. 26(c)(1)(B).

Rule 26(c)(1) states that "[a] party or any person from whom discovery is sought may move for a protective order." Fed. R. Civ. P. 26(c)(1). Pursuant to Rule 26(c)(1), "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including" by among other things "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D).

"District courts possess 'wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection.'" *Swenson v. GEICO Casualty Company*, 336 F.R.D. 206, 209 (D. Nev. 2020) (citing *Grano v. Sodexo Mgmt., Inc.*, 335 F.R.D. 411, 414 (S.D. Cal. Apr. 24, 2020)). "Where grounds for a protective order have been established, courts have a variety of options to rectify the situation, including preventing the discovery or specifying the terms on which the discovery will be conducted." *Swenson*, 336 F.R.D. at 209 (citing Fed. R. Civ. P. 26(c)(1)(A), (B)).

Although "in-person depositions have been standard operating practice, … the rules also provide courts with the authority to order a deposition to take place by telephone or other remote means if the circumstances so warrant." *Id.* at 209 (citing Fed. R. Civ. P. 30(b)(4)). Generally, leave to take depositions by remote means should be granted liberally. *Id.* (citing *Brown v. Carr*, 253 F.R.D. 410, 412 (S.D. Tex. 2008) and *Lopez v. CIT Bank, N.A.*, Case No. 15-cv-00759-BLF (HRL), 2015 WL 10374104, at *2 (N.D. Cal. Dec. 18, 2015)). "Analyzing whether to permit remote depositions generally consists of two steps." *Id.* "First, the proponent must advance a legitimate reason for seeking a remote deposition." *Id.* (citing *Jahr v. IU Int'l Corp.*, 109 F.R.D. 429, 431 (M.D.N.C. 1986)). "Second, if that foundational showing is made, then the burden shifts to the opposing party to make a 'particularized showing' that conducting the deposition by remote means would be prejudicial." *Id. United States v. $160,066.98 from Bank of Am.*, 202 F.R.D. 624, 629 (S.D. Cal. 2001) (collecting cases).

"Courts possess wide discretion in determining the manner for taking depositions, including whether they should take place by remote means." *Id.* (citing *Learning Res., Inc. v. Playgo Toys Enters. Ltd.*, 335 F.R.D. 536, 537-38 (N.D. Ill. June 16, 2020) and *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994) (addressing discretion with respect to time and place of depositions)). "As with the Federal Rules of Civil Procedure more generally, courts are mindful to construe Rule

30(b)(4) in a manner that secures the just, speedy, and inexpensive determination of the case." *Id.* (citing *United States v. K.O.O. Constr., Inc.*, 445 F.Supp.3d 1055, 1056-57 (S.D. Cal. May 8, 2020)).

# IV.
# ARGUMENT

**A.  Good Cause Warrants the Entry of a Protective Order to Allow Taijeron to Appear By Video for her Deposition**

Good cause warrants that the Court enter a protective order to allow Taijeron to appear by video because of the sexual assault she experienced at the hands of Akoma. In addition to the sexual assault Taijeron experienced from Akoma, Taijeron was a victim of rape when she was a child. She is emotionally fragile and the long trip to Guam where she will be doing nothing but imagining the confrontation to come, the deposition itself of opposing counsel's conference room with Akoma likely seated next to his attorney, and the long travel back to her family will all take a huge emotional toll on her. In contrast, if allowed to be deposed remotely from North Caralina, she can have family and her psychiatrist close by following the completion of the deposition for support. She need not see Akoma on the camera. She can answer all the questions put to her and the deposition will be over.

The Ninth Circuit considers the hardship to the parties when determining whether there is good cause to grant a protective order. *Hyde,* 24 F.3d at 1166. There exists considerable hardship in this case because of the nature of the sexual assault allegations in this case and the past sexual abuse that Taijeron faced as a child. In addition, to support this motion, Taijeron attaches a letter from Psychiatrist Dr. Travis O. Bruce ("Dr. Bruce"). *See* Exhibit A of the Decl. of De-Anna Taijeron. Dr. Bruce is currently treating Taijeron with Major Depressive Disorder and PTSD. *Id.* As Dr. Bruce states, "it is in my professional opinion that Taijeron would have significant worsening symptoms of Depression and PTSD if she is asked to testify or be deposed in front of the accused / her alleged

assailant." *Id.* Thus, Dr. Bruce recommends that "any interview or deposition be obtained by a secured form of video teleconference." *Id.* In addition, Dr. Bruce warns that "return to Guam also would be a potential trigger for increased symptoms" of Major Depressive Disorder and PTSD. *Id.* Because of the mental health implications as warned by Dr. Bruce of appearing in-person for a deposition, Taijeron has shown good cause for entry of a protective order to allow her to appear via video deposition.

In addition, leave to take depositions by remote means is liberally granted. *Swenson*, 336 F.R.D. at 209 (citing *Carr*, 253 F.R.D. at 412). There is no reason not to allow it here.

**B.     The Burden Shifts to Akoma to Show Prejudice from a Video Deposition But Akoma Cannot Conceivably Show Prejudice Here**

Now that Taijeron has shown good cause to allow for a video deposition, the burden shifts to Akoma to show prejudice in doing so; however, Akoma cannot show prejudice in allowing for a video deposition, considering the facts of this case.

If good cause or the "foundational showing is made, then the burden shifts to the opposing party to make a 'particularized showing' that conducting the deposition by remote means would be prejudicial." *Swenson*, 336 F.R.D. at 209 (citing *$160,066.98 from Bank of Am.*, 202 F.R.D. at 629): *see also U.S. v. Li*, No. CV–12–00482–PHX–DGC, 2013 WL 6729895, at *3 (D. Az. Dec. 19, 2013) (citing *Brown v. Carr,* 253 F.R.D. 410, 412 (S.D.Tex.2008)) (stating that "once the party seeking to take the deposition by video conference established a legitimate reason for its motion, the "Defendant—the party opposing the video deposition—now bears the burden of showing prejudice.")

Akoma cannot conceivably show prejudice in allowing for a video deposition considering the facts of this case. As explained above, the mental health implications of an in-person deposition in Guam includes exacerbation of Taijeron's Major Depressive Disorder and PTSD.

Akoma may argue that voluminous records in the case constitute prejudice in allowing for an in-person deposition, but courts have rejected this argument. *See K.O.O. Constr., Inc.*, 445 F.Supp.3d 1055, 1056-57 (S.D. Cal. May 8, 2020)) (collecting cases that the need to use voluminous and highly detailed exhibits does not establish prejudice for video deposition). On the contrary, as stated by a sister court in the Ninth Circuit, "ample resources exist for counsel to prepare themselves to proceed by video to facilitate the smooth operation of a remote deposition." *Grano v. Sodexo Mgmt., Inc.*, 335 F.R.D. 411, 414 (S.D. Cal. Apr. 24, 2020).

Akoma cannot meet his burden of showing prejudice from a video deposition and the motion for a protective order should be granted.

**C.     The Court Should Exercise its Wide Discretion to Allow Taijeron to Appear By Video at her Deposition**

The Court should exercise its wide discretion to allow for Taijeron to appear via video deposition because of the mental health implications if Taijeron appears in-person in Guam.

"District courts possess 'wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection.'" *Swenson*, 336 F.R.D. at 209 (citing *Grano*, 335 F.R.D. at 414).

The Court should exercise its wide discretion to determine that good cause exists to enter a protective order to allow for Taijeron to appear via video for her deposition because of the mental health implications of appearing for a deposition in-person in Guam. Allowing Taijeron to appear by video constitutes an appropriate degree of protection in these circumstances considering the warnings from Dr. Bruce on her health implications if Taijeron appeared in-person for a deposition.

Allowing Taijeron to appear by video in this matter secures the just, speedy, and inexpensive determination of this case under Federal Rule of Civil Procedure 1. *See* Fed. R. Civ. P. 1. "Videotaping discovery depositions has the potential of greatly assisting the "just, speedy, and

8

inexpensive determination" of every case as required by Fed. R. Civ. P. 1." *Fanelli v. Centenary College*, 211 F.R.D. 268, 271 (D.N.J. 2002). "A videoconference deposition is cost-effective since it avoids or minimizes expensive travel time and costs." *Guillen v. Bank of America Corp.*, Civ. No. 10–05825 EJD PSG, 2011 WL 3939690, at *1 (N.D. Cal. Aug. 31, 2011) (citing *Federal Civil Procedure Before Trial* (2007), The Rutter Group, 11:1470, 11–170). Thus, the Federal Rule of Civil Procedure provides additional justification to enter this protective order to allow for a video deposition.

A video deposition better serves the fact finder as opposed to a stenographic deposition. As stated by a court, "A video deposition better serves these objectives [accuracy, trustworthiness, and improved judicial procedures] by permitting the fact-finder to utilize a greater portion of his perceptive processes than when merely reading or listening to a stenographic deposition ... [and] ... without the filtering process that occurs when one listens to a deposition being read ..." *Rice's Toyota World v. S.E. Toyota Dist.,* 114 F.R.D. 647, 649 (M.D.N.C.1987).

Also, as stated by another court "the use of videotaped testimony should be encouraged and not impeded because it permits the jury to make credibility evaluations not available to it when a transcript is read by another." *Weiss v. Wayes*, 132 F.R.D. 152, 155 (M.D. Pa. 1990).

Accordingly, the entry of a protective order allowing Taijeron to appear via video for her deposition is warranted.

## V.
## CONCLUSION

For the reasons mentioned, Plaintiff De-Anna Taijeron moves for entry of a protective order to allow her to appear via video deposition.

9

Respectfully submitted this 2nd day of September, 2025

                         DOTTS LAW OFFICE
                         Attorney for Plaintiff De-Anna Taijeron

                         By:      /s/
                                MICHAEL W. DOTTS