**William L. Gavras, Esq.**
**LAW OFFICES OF WILLIAM L. GAVRAS**
**A Professional Corporation**
**101 Salisbury Street**
**Dededo, Guam 96929**
**Telephone: 632-4357**
**Email: williamgavras@yahoo.com**

**Attorney for Defendant**
**UGOCHUKWU AKOMA**

### IN THE DISTRICT COURT OF GUAM
### TERRITORY OF GUAM

| | |
|---|---|
| **DEANNA TAIJERON,** | CIVIL CASE NO: 23-CV-0023 |
| Plaintiff, | |
| vs. | OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (Doc. 40) |
| **UGOCHUKWU AKOMA,** | |
| Defendant. | |

_____

Comes Now Defendant, by and through counsel, and for his Opposition, states as follows:

I. INTRODUCTION

   Plaintiff's Motion fails to establish good cause for a remote deposition. Her claims of mental health hardship from travel to Guam, in-person confrontation, and deposition setting are directly rebutted by her conduct in parallel proceedings: she returned to Guam from Hawaii in April 2024, testified in person for approximately 40 minutes—facing Defendant in court—without any reported exacerbation of PTSD or depression. She later requested dismissal in July 2024, citing inadequate preparation time with prosecutors, not trauma from facing her "abuser." She has since blamed the Attorney General's negligence for the dismissal, further underscoring tactical motivations over medical necessity.

1

This "he-said, she-said" case demands in-person deposition for nuanced credibility assessment, including non-verbal cues and even possible coaching off-camera. Defendant will not attend the deposition, and agrees to a neutral site for the deposition.

II. BACKGROUND

Plaintiff pursued misdemeanor criminal sexual conduct charges. Trial began April 2024; she flew from Hawaii to Guam and testified in person for approximately 40 minutes, facing Defendant in court, with no noted mental health crisis. Her testimony was struck due to prosecutorial error, causing mistrial. Id. For the retrial (set July 19, 2024), she requested dismissal, citing "inadequate support and preparation" and feeling "uninformed, scrambling, ill prepared and emotionally incapable of moving forward" from lack of prep time—not from facing Defendant or Guam's triggers. The case was dismissed with prejudice in December 2024; Plaintiff blamed AG negligence, stating prosecutors had evidence but "won't even try to do what is right" due to winnability concerns. *See,* Exhibit A.

Her extensive post-assault travel (Guam-Hawaii, Hawaii-Guam for trial, Hawaii-North Carolina/East Coast) belies travel incapacity. Defendant denies the claims and seeks deposition to probe credibility inconsistencies.

III. LEGAL STANDARD

Plaintiff generally sets out the burden-shifting analysis. First. Plaintiff must show a legitimate reason in requiring a remote deposition. If good cause is shown, Defendant must show prejudice.

IV. ARGUMENT

A. No Good Cause Exists.

Plaintiff claims good cause from: (1) travel undermining treatment/risking health; (2) in-person before "abuser" exacerbating Major Depressive Disorder/PTSD (citing childhood rape); (3) emotional fragility from trip, imagining confrontation, deposition in defense counsel's room with Defendant nearby, and return; and (4) Dr. Bruce's letter warning of symptom worsening/Guam trigger, preferring video for family/psychiatrist support without seeing Defendant. Each fails.

First, her April 2024 flight from Hawaii to Guam for trial shows no travel or engagement limitations, and she must return for trial anyway.

Second, Defendant will not attend Plaintiff's deposition, eliminating confrontation—the core for Dr. Bruce's "significant worsening" warning. This condition can be incorporated in the Court's order. Without having to confront the Defendant, something Plaintiff did when testifying at the criminal trial, Dr. Bruce's warning letter loses significant force.

3

Third, deposition need not be in defense counsel's office; Defendant agrees to neutral site such as the Guam law library. Plaintiff's deposition can be broken into multiple sessions spanning a total of three days. This condition can also be incorporated in the Court's order.

Fourth, Dr. Bruce's return-to-Guam concern is equivocal ("a potential trigger"). His letter ignores Plaintiff's in-person testimony at Defendant's criminal trial where *she* confronted Defendant. Surely, her doctor would have known of any problems associated with her return to Guam and would have mentioned them had they occurred.

B. Substantial Prejudice to Defendant

Remote testimony prejudices Defendant in this credibility contest where only Plaintiff and Defendant were present when the tortious acts complained of were allegedly committed. Video feed flattens non-verbal cues (e.g., hesitations, agitation), vital for sexual assault claims. The danger of coaching by others during the deposition where both counsel will be located on the other side of the globe during the deposition is a real risk.

September 29, 2025         ___/s/ William Gavras_____
                            WILLIAM L. GAVRAS, ESQ.
                            Attorney for Defendant

4