THE DISTRICT COURT OF GUAM

| | |
|---|---|
| DE-ANNA TAIJERON,<br><br>    Plaintiff,<br><br>vs.<br><br>UGOCHUKWU AKOMA,<br><br>    Defendant. | CIVIL CASE NO. 23-00023<br><br>**ORDER**<br>Granting Motion for Entry of Protective Order to Allow Plaintiff to Appear Via Video for Deposition (ECF No. 40) |

Pending before the court is Plaintiff's Motion for Entry of a Protective Order seeking leave of court to permit the Plaintiff to appear remotely for her deposition. *See* ECF No. 40. Having reviewed the relevant filings and finding good cause as discussed below, the court grants the motion and allows the Plaintiff's deposition to occur remotely by video conference.

## DISCUSSION

This is an action where the Plaintiff alleges she was sexually assaulted by the Defendant.[1] The Plaintiff relocated to the mainland United States, and the Defendant sought to depose the Plaintiff on Guam. The Plaintiff moved for a protective order under Rules 26(c)(1) and 30(b)(4) of the Federal Rules of Civil Procedure, asserting that traveling to Guam for the deposition will "undermine her treatment and place at risk her mental health." Mem. Supp. Mot. Protective Order at 2, ECF No. 40-1. She asks that she be permitted to appear for a video deposition in lieu of an in-person

---

[1] The alleged assault occurred during a period when the Plaintiff claimed she was seeking treatment from the Defendant (a medical doctor) for depression and anxiety arising from a past sexual assault – a rape while she was a child that continued to haunt her into adulthood. *See* Compl. at ¶ 6.

deposition and claims that "appearing in person in front of her abuser will exacerbate her Major Depressive Disorder and PTSD." *Id.*

1. <u>Legal Standard</u>

Rule 30 governs depositions by oral examination and provides that a party who wishes to depose an individual may choose the time, place and manner of the deposition. *See* Fed. R. Civ. P. 30(b)(1). Usually, "depositions should be taken in the district where the action is being litigated." *Lexington Ins. Co. v. Commonwealth Ins. Co.*, 1999 WL 33292943, *9 (N. D. Cal. Sept. 17, 1999) (quoting *Minn. Mining & Mfg. Co. v. Dacar Chem. Prods., Co.*, 707 F. Supp. 793, 795 (W.D. Pa. 1989)). "As a general rule, 'plaintiff will be required to make himself or herself available for examination in the district in which suit was brought.'" *Id.* (quoting 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 2112 (3d ed.)). However, "[t]he parties may stipulate – or the court may on motion order – that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4).

"Leave to permit remote depositions should generally be granted liberally." *Brower v. McDonald's Corp.*, No. 2:19-cv-02099-GMN-BNW, 2021 WL 3573633, at *2 (D. Nev. May 28, 2021). In determining whether to grant a request for a remote deposition, courts follow a two-step process: (1) the proponent must present a legitimate reason for seeking a remote deposition; and (2) if the movant establishes a legitimate reason, then the burden shifts to the opposing party to make a particularized showing of prejudice that would result from a remote deposition. *Id.*; *Richardson v. Grey*, No. 1:23-CV-00375-DCN, 2025 WL 843768, at *2 (D. Idaho Mar. 18, 2025).

A party may also petition the court for a protective order after certifying that said party has in good faith attempted to resolve the discovery dispute without the need for court intervention. *See* Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Id.* A court may impose various conditions, including "specifying terms, including time and place . . ., for the disclosure or discovery," "prescribing a discovery method other than the one selected by the party seeking discovery," or "designating the persons who may be present while the discovery is conducted[.]" Fed. R. Civ. P. 26(c)(1)(B)-(C) and (E).

2. <u>Analysis</u>

In this case, the Plaintiff asserts that her mental health conditions are exacerbated by the prospect of return to Guam for her deposition and being confronted by the Defendant. In support of her assertion, the Plaintiff's motion includes a note from the Plaintiff's treating psychiatrist dated August 13, 2025. *See* Ex. A to Mem. Supp. Mot. Protective Order, ECF No. 40-2. The doctor states that it is his

> professional opinion that [the Plaintiff] would have significant worsening symptoms of Depression and PTSD if she is asked to testify or be deposed in front of the accused / her alleged assailant. I recommend any interviewing or deposition be obtained by a secured form of video teleconference. Return to Guam would be a potential trigger for increased symptoms.

*Id.*

The Defendant claims no good causes exists for a remote deposition since the Plaintiff flew to Guam to testify at the related criminal trial in 2024 and never complained about any mental health concerns then. The Defendant's argument about the Plaintiff's condition last year does not diminish the treating psychiatrist's professional opinion about the Plaintiff's current mental health status. The court finds that the Plaintiff has presented a legitimate reason supporting her request for a remote deposition. The burden now shifts to the Defendant to make a particularized showing that he will be prejudiced if the court permits the deposition to be conducted remotely.

The Defendant contends he will be prejudiced by a remote deposition because counsel will not be able to accurately assess the Plaintiff's credibility because "[v]ideo feed flattens non-verbal cues (*e.g.* hesitations, agitations) [that] are vital for sexual assault claims." Def.'s Opp'n at 4, ECF No. 43. The Defendant also claims there is "danger of coaching by other during the deposition." The court notes, however, that counsel for the Defendant is free to travel to North Carolina to conduct the Plaintiff's deposition personally, and this should allay the concerns raised by the Defendant. Since the COVID-19 pandemic, "remote video conferencing has become a standard means of taking depositions." *Wag Hotels, Inc. v. Wag Labs, Inc.*, No. 20CV01326BLFVKD, 2022 WL 4133297, at *2 (N.D. Cal. Sept. 12, 2022). The court finds that the Defendant has failed meet his burden of showing prejudice would result from a remote deposition. While a remote deposition may not always be appropriate, it is warranted here when comparing the parties' competing interests and the

impact an in-person deposition on Guam will have on the Plaintiff's mental health, particularly at this stage of the proceedings.

Accordingly, the court grants the Plaintiff's Motion for Protective Order. The court orders that if the Defendant notices the Plaintiff's deposition to occur on Guam, the Plaintiff may appear for said deposition remotely by video conference. Counsel for the Defendant also has the option of noticing the deposition to take place at a mutually agreeable time in North Carolina, where the Plaintiff now resides, and counsel can travel to North Carolina for the deposition. However, the court further orders that the Defendant must not attend the Plaintiff's deposition, whether in person or remotely.[2]

Finally, the court cautions the Plaintiff that if this matter proceeds to trial, the Plaintiff is expected to travel to Guam and appear at the jury trial in person.

IT IS SO ORDERED.



/s/ Michael J. Bordallo
U.S. Magistrate Judge
Dated: Nov 19, 2025

---

[2] The court notes that in his Opposition, the Defendant agrees that he "will not attend Plaintiff's deposition" thus "eliminating confrontation." Def.'s Opp'n at 3, ECF No. 43.